# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON WRIGHT,<br><br>        Plaintiff,<br><br>      v.<br><br>LAPD OFFICER LUDWIG,<br><br>        Defendant. | Case No. CV 18-06150-DMG (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On July 16, 2018, plaintiff filed a Complaint (ECF No. 1) in this *pro se* civil rights action. Plaintiff subsequently was granted leave to proceed without prepayment of the filing fees. The Complaint names as the only defendant "LAPD Officer Ludwig, 77th Division 4064?." (*Id*. at 3.) The Complaint consists of single, very short paragraph and appears to arise from an allegation that LAPD officer Ludwig stopped and searched plaintiff's car "without probable cause of a crime or any reasonable suspicion." Plaintiff provides no other information about the circumstances of the incident or the search.

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to

state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). The Court's screening of the pleading under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations fail to comply with Fed. R. Civ. P. 8 and appear insufficient to state any claim on which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than August 31, 2018, remedying the deficiencies discussed herein.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this

pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

## DISCUSSION

Plaintiff's Complaint fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Further, in order to state a federal civil rights claim, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014).

Here, to the extent that the Court can discern the claim that plaintiff is purporting to raise in his one-paragraph Complaint, it appears that plaintiff is contending an LAPD officer violated plaintiff's rights under the Fourth Amendment when the officer stopped and searched a vehicle. The Complaint, however, fails to set forth any specific factual allegations that link any action or event to the named defendant. There are also no factual allegations regarding the circumstances of the search, or even such basic information as the date or location of the search. Although the Complaint includes a conclusion that the search of his car was performed "without probable cause of a crime or any reasonable suspicion"

4

and "illegally," it does not allege sufficient facts to state a plausible claim for violation of the Fourth Amendment. To the extent plaintiff is purporting to allege that an officer illegally stopped or searched him, pursuant to the Fourth Amendment, an officer may "conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *See Illinois v. Wardlow,* 528 U.S. 119, 123, 120 S. Ct. 673, 145 L. Ed. 2d 570 (2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1967)). "[A] law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further." *Hiibel v. Sixth Judicial Dist. Court*, 542 U.S. 177, 185, 124 S. Ct. 2451, 159 L. Ed. 2d 292 (2004). "Reasonable suspicion" is a "less demanding standard than probable cause," but it requires that an officer "be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." *See Wardlow*, 528 U.S. at 123-24 (citing Terry 392 U.S. at 27, n.2) (internal quotation marks omitted); *see also Haynie v. County of L.A.*, 339 F.3d 1071, 1076 (9th Cir. 2003) ("An officer may conduct a carefully limited search for weapons to dispel a reasonable fear for his safety.") (internal quotation marks omitted).

Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal

citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"). Moreover, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Accordingly, the Court finds that plaintiff's factual allegations in the one-paragraph Complaint fail to plausibly allege that the named defendant took any action, participated in the action of another, or failed to perform an action that caused a deprivation of a right guaranteed under the Constitution or a federal statute. The Complaint also fails to provide a simple, concise and direct statement that would allow the defendant to have fair notice of the claims against him or her and the ability to adequately respond. *See Twombly*, 550 U.S. at 555.

The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford him the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623; *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants"). Although plaintiff need not set

forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555-56). In its present form, it would be extremely difficult (if not impossible) for the defendant to discern what specific facts or legal theories apply against him, and, as a result, it would be extremely difficult for the defendant to formulate applicable defenses.

Because it is not absolutely clear that the deficiencies of the Complaint cannot be cured by amendment, plaintiff is provided with an opportunity to file a Frist Amended Complaint. *See, e.g., Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted); *Lopez*, 203 F.3d at 1130 (a district court may deny leave to amend if it determines that the pleading could not possibly be cured by the allegation of other facts"). If plaintiff wishes to proceed with this action, he should set forth, "simply, concisely, and directly" the factual allegations giving rise each claim he wishes to raise. *See Johnson*, 135 S. Ct. at 347.

The Court therefore dismisses the Complaint with leave to amend because the Complaint wholly fails to comply with Rule 8 and appears insufficient to state any claim on which relief may be granted.

\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than August 31, 2018, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original

complaint, any amended complaint, or any attachment or document.[2]

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Fourth Amended Complaint.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS SO ORDERED**.

DATED: 7/27/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[2] Irrespective of his *pro se* status, plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3. Pursuant to Fed. R. Civ. P. 10, the body of a complaint must include all defendants listed in the caption of the pleading. Plaintiff's Complaint does not have a caption that lists any defendants. Additionally, plaintiff must comply with the Local Rules regarding the format of a pleading, such as L.R. 11-3.2, which requires that the lines on each page be numbered and that no more than 28 lines of double-spaced text be on each page. Plaintiff must also sign and date his pleading, if he decides to file a First Amended Complaint. (*See* L.R. 11-1.)